WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Maness,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>One2HookU LLC,<br><br>　　　　　Defendant. | No. CV-24-08035-PCT-SHD<br><br>**ORDER** |

Pending before the Court is Defendant One2HookU, LLC's Request to Amend the Case Management Order (the "Motion"). (Doc. 28.) Plaintiff Jeremy Maness opposes the Motion. (Doc. 30.) For the reasons explained below, the Court **grants in part** the Motion, as set out in greater detail in this Order.

**I.　　BACKGROUND**

Maness brought this action against One2HookU on February 23, 2024, alleging that One2HookU illegally repossessed his vehicle in violation of federal and state law. (Doc. 1.) In his Complaint,[1] Maness alleged that he suffered "damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process," and—important for purposes of this motion—"mental and emotional harm including frustration and embarrassment." (Doc. 1 ¶¶ 33, 37.) One2HookU has since answered. (Doc. 12.)

On June 25, 2024, the Court entered a Case Management Order, which set a deadline

---

[1] Maness filed an Amended Complaint on September 3, 2024 to correct an error in his name, but it is otherwise substantively identical to the initial Complaint. (*See* Docs. 23, 24.)

of December 31, 2024 for Maness to provide his expert disclosures, and a deadline of January 31, 2025 for One2HookU to provide its expert disclosures. (Doc. 19.)

The parties then proceeded to discovery. As relevant to this Order, One2HookU took Maness's deposition on January 14, 2025, only three days before the deadline for fact discovery. (*See* Doc. 19, Doc. 28 at 2.) One2HookU claims that, during his deposition, Maness for the first time disclosed that he "began mental health counseling as treatment for the emotional injuries he alleges he sustained" from the conduct alleged in the Complaint. (Doc. 28 at 2.)

After the deposition, the parties discussed an extension to the deadlines set in the Case Management Order to account for One2HookU to review medical records obtained from Maness's mental health counseling provider and to possibly retain and disclose an expert witness. (Doc. 28 at 28-2 at 1; Doc. 30-2 at 1–3.) The parties initially agreed that One2HookU could get a 60-day extension of the expert disclosure deadline. (*See* Doc. 30-2 at 2–3.) When the parties could not agree whether Maness could also receive an extension of his expert disclosure deadline (which expired on December 31, 2024), One2HookU filed the Motion. (Doc. 30-2 at 1–2.)

## II.   LEGAL STANDARD

Pretrial scheduling orders "may be modified upon a showing of 'good cause.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)). This "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* And although the "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* The standard reflects that "[d]isregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Id.* at 610.

//

### III. DISCUSSION

As required by *Johnson*, the Court's primary focus concerns One2HookU's diligence. Weighing against One2HookU is that it has been on notice from the beginning of this case that Maness sought damages for emotional distress. (Doc. 1 ¶¶ 33, 37.) Despite being on notice, One2HookU did not seek any written discovery into Maness's claim for emotional distress damages, as Maness notes. (Doc. 30-1.) One2HookU has discretion to "select the method or methods of discovery and the order of discovery methods used," *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015), so the Court does not view it as dispositive that One2HookU chose to pursue this area of discovery in Maness's deposition, as opposed to written discovery. Nevertheless, parties are responsible for the consequences of their actions, including waiting until the deposition of one's party opponent—commenced three days before the discovery deadline—to discover this information. The Court has some measure of difficulty reconciling One2HookU's claim of diligence with these facts. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (holding district court did not abuse its discretion in finding that party was not diligent where it was on notice of the existence of a defendant eight months before seeking leave to amend).

On the other hand, One2HookU is correct that, because Maness alleged emotional distress damages as part of the relief he seeks, he was required to provide any and all documents supporting his claim for and computation of damages, "including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii); (Doc. 28 at 2). This provision operates as the "functional equivalent of a standing Request for Production under Rule 34." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments). Treatment records for emotional distress arising from One2HookU's alleged conduct "bear[] on the nature and extent of injuries suffered" and thus should have been disclosed and produced to One2HookU "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A); *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal.

2013) ("[T]he discovery process relies upon the good faith and professional obligations of counsel to reasonably and diligently search for and produce responsive documents." (alteration in original) (citation omitted)).  One2HookU is thus not the sole culpable party here, and the Court cannot say that its actions rose to the level of carelessness.

In light of the procedural background presented above, the Court ultimately concludes that good cause exists to extend the expert disclosure deadlines in this case.  The Court does, however, consider potential prejudice to Maness given the circumstances.  It is not lost on the Court that Maness argues his expert disclosure deadline should be commensurately extended, (Doc. 30 at 2), but he has not filed a motion to revive his expert disclosure deadline and in fact told One2HookU's counsel he did not "really anticipate" needing to disclose an expert anyway, (Doc. 30-2 at 1–2).  That said, under the facts here, permitting One2HookU to retain an expert without providing Maness the ability to rebut any expert testimony would not "secure the just . . . determination" of this action.  Fed. R. Civ. P. 1.

Under these circumstances, the Court rules as follows:  First, the Court grants One2HookU's request for a 60-day extension of its expert disclosure deadline.  This extension only applies to an expert opining on Maness's claim for emotional distress damages arising out of One2HookU's alleged conduct.  Because One2HookU based its request in part on time needed to review treatment records, One2HookU shall notify Maness if it anticipates it will disclose an expert no later than **15 days** before this extended disclosure deadline, so that Maness may begin the process of determining whether he will retain a rebuttal expert.

Second, if One2HookU indeed provides expert disclosures by the deadline, Maness may have **45 days** from the extended disclosure deadline to disclose a rebuttal expert under Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

Third, the parties may depose any properly disclosed experts no later than **30 days** after Maness's rebuttal expert disclosure deadline.

Only one expert per side is permitted.  The Court expects full and complete

disclosures for any disclosed expert under Federal Rule of Civil Procedure 26(a)(2)(B), and that the parties begin the process of scheduling any expert deposition(s) well in advance of the expert deposition deadline.

The Court also expects the parties to abide by this Court's Local Rules, which require the parties to file a "Notice of Service" of discovery disclosures "within a reasonable time after service of such papers." LRCiv 5.2.

Dispositive motions, if any, will be due no later than **30 days** after the deadline for expert depositions.

Accordingly,

**IT IS ORDERED** granting in part the Motion (Doc. 28). Defendant may have until **April 25, 2025** to serve its expert disclosures under Federal Rule of Evidence 26(a)(2)(B). One2HookU shall notify Maness no later than **15 days** before this deadline whether it intends to disclose an expert by the deadline.

**IT IS FURTHER ORDERED** that Maness may serve any rebuttal expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(D)(ii) by **June 9, 2025**.

**IT IS FURTHER ORDERED** that the parties may have until **July 9, 2025** to complete expert depositions for any properly disclosed experts.

**IT IS FURTHER ORDERED** that dispositive motions shall be filed no later than **August 8, 2025**.

Dated this 24th day of February, 2025.

_____
Honorable Sharad H. Desai
United States District Judge